**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Thomas H. Bray, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of America, MERS, Inc., Country Wide Home Loans, et. al., | ) ) | |
| | ) | Case No. 1:09-cv-075 |
| Defendants. | ) | |

_____

The Plaintiff initiated the above-entitled action in state district court on October 26, 2009. He seeks to stave off foreclosure of the mortgage on his residence at 105 Mulberry Lane, Bismarck, North Dakota. In so doing he challenges, inter alia, the validity of his mortgage, the manner in which the Defendants acquired their interests in it, and the Defendants standing to foreclose upon it.

On November 17, 2009, the Defendants removed the action to federal court pursuant to 28 U.S.C. § 1441. The Plaintiff responded on November 25, 2009, by filing with the court a document captioned "Objection to Notice of Removal." The court shall construe his objection as a motion to remand.

A defendant may remove to federal court any civil action in which the amount in controversy exceeds $75,000 and the citizenship of each plaintiff is diverse from the citizenship of each defendant. 28 U.S.C. §§ 1332 and 1441(a); Caterpillar Inc. v. Lewis, 519 U.S. 61, 68 (1996); see also Bell v. Hershey Co., 557 F.3d 953, 956 (8th Cir. 2009) (opining that the proponent of federal jurisdiction must establish the requisite amount in controversy by a preponderance of the

1

evidence). When determining whether removal jurisdiction exists, courts construe their jurisdiction narrowly, against removal. Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941). A defendant, as the removing party, bears the burden of demonstrating that removal jurisdiction is proper, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir.1992) (creating a "strong presumption against removal jurisdiction") (citations omitted). Thus, a court should resolve all ambiguity in favor of remand to state court.

Notably, in his objection to removal, the Plaintiff does not explicitly dispute the assertion made by the Defendants in their Notice of Removal that there is diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. He instead stresses that the mortgage at issue was executed in North Dakota . He also expresses his preference that this matter be venued in state district court.

The fact that the Defendants may have branches in North Dakota and conduct business in the States does not, for jurisdictional purposes, mean that they are North Dakota citizens.[1] Rather, the Defendants are citizens of the States in which their main offices are located. The Notice of Removal states that: (1) Defendant Bank of America's primary place of business is in Charlotte, North Carolina.; (2) Defendant Country Wide Home Loans, Inc., a subsidiary of Bank of America,

---

[1] "A business organized as a corporation, for diversity jurisdiction purposes, is 'deemed to be a citizen of any State by which it has been incorporated' and, since 1958, also 'of the State where it has its principal place of business.'" Wachovia Bank v. Schmidt, 546 U.S. 303, 306 (2006) (quoting § 28 U.S.C. § 1332(c)(1)). "State banks, usually chartered as corporate bodies by a particular State, ordinarily fit comfortably within this prescription." Id. Federally chartered national banks do not, for they are not incorporated by 'any State.'" Id. "For diversity jurisdiction purposes, therefore, Congress has discretely provided that national banks 'shall ... be deemed citizens of the States in which they are respectively located.'" Id. (quoting 28 U.S.C. § 1348). "Recognizing that 'located' is not a word of enduring rigidity . . . but one that gains its precise meaning from context, [the United State Supreme Court has held] that a national bank, for § 1348 purposes, is a citizen of the State in which its main office, as set forth in its articles of association, is located." Id.

is a New York Corporation with its principal office in Calabasas, CA; and (3) Defendant MERS, Inc. is a New York Corporation. The mortgage at issue, which is attached as an exhibit to the Notice of Removal, states that MERS, is organized and existing under the laws of Delaware. Thus, it is readily apparent that the citizenship of the Defendants is diverse from that of the Plaintiff.

As for the amount in controversy, there is little dispute that it exceeds $75,000. The mortgage at issue evinces that the Plaintiff's indebtedness to the mortgagee as of March 1, 2006 was $220,000.00. (Docket No. 1-4). A copy of the a "past due notice" issued by Defendant Bank of America to the Plaintiff indicates that the principal balance on the Plaintiff's home loan was $214,666.83 as of July 30, 2009.

In sum, the court concludes that the diversity of citizenship and the amount in controversy of requirements necessary for its exercise of jurisdiction over this matter have been met. His motion for remand is therefore **DENIED**.

**IT IS SO ORDERED.**

Dated this 2nd day of December, 2009.

*/s/ Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge