**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Thomas H. Bray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **ORDER DENYING MOTIONS TO COMPEL** |
| vs. ) | **AND REPORT AND RECOMMENDATION** |
| ) | **RE MOTIONS FOR PRELIMINARY** |
| ) | **INJUNCTION AND DEFAULT JUDGEMENT** |
| Bank of America, MERS, Inc., and ) | |
| Country Wide Home Loans, ) | |
| ) | Case No.: 1:09-cv-075 |
| Defendants. ) | |

## I.   BACKGROUND

Plaintiff initiated this action in state district court by a complaint dated October 26, 2009, against Bank of America, MERS, Inc. ("MERS"), and Country Wide Home Loans ("Country Wide"). While Bray espouses many claims and rights to relief, his ultimate goal is to halt any attempts by the defendants to foreclose a mortgage on his personal residence located at 105 Mulberry Lane, Bismarck, North Dakota 58501.

The Defendants removed the action to this court on November 17, 2009, and filed an answer and counterclaim on December 17, 2009. In the counterclaim, MERS indicated its intent to commence a foreclosure proceeding against Bray, but stated it was required to first serve a notice of intent to foreclose and that it would seek to amend the counterclaim to initiate the foreclosure action when that was completed.

On January 28, 2010, the court held a scheduling conference with the parties. Notably, the court urged Bray to obtain an attorney. During the scheduling conference, the attorney for the defendants assured Bray that no immediate steps would be taken to dispossess him from his

1

residence and acknowledged that the defendants would not have that right to seek possession until the completion of the foreclosure process. Mollified by this explanation, Bray decided at that time not to file a request for injunctive relief.

Apparently, one or more of the defendants proceeded to serve the notice of intent to foreclose. On February 5, 2010, Bray filed a motion seeking what amounts to preliminary injunctive relief halting the foreclosure process until his claims are litigated. He also moves to compel production of the "wet ink" note and mortgage.

Not satisfied with speed with respect to which the court was acting on this motion, Bray filed a second motion on February 16, 2010. In this motion, Bray again seeks an order compelling production of the original note and mortgage. He also seeks a default judgment on grounds of "acquiescence."

In his moving papers, Bray appears to be confused by what is going on and complains about the defendants having removed his action from state court only to serve outside of this action a notice of intent to foreclose, which he apparently believes indicates an intent to bring a separate action. While the defendants have the right to proceed to foreclose in state court (and the court would encourage them to do so), what Bray appears not to understand is that the defendants are required to follow state law even if they proceed to foreclose in federal court by way of an amended counterclaim and that service of the notice of intent to foreclose is a state-law prerequisite to proceed with a foreclosure action, whether it be in state court or federal court.

## II.     DISCUSSION

### A.     Motions to compel

The court advised Bray at the scheduling conference that he had to follow the rules for discovery if he wanted to inspect documents and obtain copies. Bray has not demonstrated that he has properly made any requests for documents following the procedures spelled out in Fed. R. Civ. P. 34 and that the time period under that rule for defendants responding has lapsed. Further, the defendants' deadline for complying with its Fed. R. Civ. P. 26(a) disclosures is not until May 1, 2010, which date was set in contemplation of one or more of the defendants amending their answer and counterclaim to assert a claim for foreclosure. Therefore, plaintiff's motions to compel will be denied for these reasons.

### B.     Motion for preliminary injunction

Based upon a careful review, Bray has not met his burden of demonstrating an entitlement to preliminary injunctive relief after weighing the Dataphase factors: "(1) the threat of irreparable harm to the movant; (2) the state of balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Sys., Inc., v. C L Sys ., Inc., 640 F.2d 109, 114 (8th Cir.1981); see also No. 4:09-cv-066, XTO Energy, Inc. v. Schmidt, 2009 WL 3381539, at **3-2 (D.N.D. Oct. 20, 2009). With respect to the first factor, Bray will have an opportunity when the judicial foreclosure proceedings are commenced to raise the issues set forth in his complaint prior to being dispossessed from his house by the threatened foreclosure action. Thus, the only detriment Bray will suffer will be the costs and inconvenience of defending the threatened foreclosure, but Bray himself has raised many of the issues that would be decided in the foreclosure action by his

seeking affirmative relief to prevent it.  Consequently, any irreparable injury is slight.

As for the second factor, defendants would suffer from being delayed a statutorily-authorized foreclosure remedy - assuming one or more of the defendants are entitled to bring such an action.  The costs to the defendants would be the time value of any money owed by Bray, as well as the very real potential for deterioration of the collateral.  In terms of balancing of the harms, the injury to the defendants is greater.

Factor three favors the defendants in that Bray has not demonstrated a likelihood of success on the merits - at least as of this point.  A number of his claims appear to be frivolous on their face.  And, his potentially more meritorious arguments, *i.e.*, that the defendants are not the real parties in interest and that the mortgage has become unenforceable because of an alleged separation from the ownership from the note, are at this point premature given the lack of information and the fact that the foreclosure has not yet been commenced.

Notably, Bray complains that the counterclaim (which is premature but, obviously, was pled because of the concern it was compulsory) states MERS will be the foreclosing party and that, more recently, the notice of intent to foreclose allegedly states that the foreclosing party will be MERS or Bank of America.  It appears uncontested from the complaint and answer that the original lender was America's Home Loans, LLC, which appears to be a limited liability company organized and existing under the laws of North Dakota.  Also, it appears from the copy of the mortgage attached to the complaint that MERS was the mortgagee in its capacity as the "nominee" of the lender or its successors and assigns.  What Bank of America's interest may be has yet to be disclosed.  Further, whether MERS can foreclose upon the mortgage itself, or the whether the current note holder (if different from MERS) must be named as the real party in interest (or, possibly, must have separately

4

authorized MERS to foreclose as its agent) has yet to be determined. And, the terms of the note, which has not yet been produced, may have a bearing on these issues, as well as possibly state law (e.g., N.D.C.C. §§ 32-19-04 and 35-03-01.2(7)).

Finally, with respect to the fourth factor, the public interest favors timely enforcement of creditor rights subject to the ability of borrowers to argue legitimate defenses, which Bray will have before any foreclosure proceeding reaches its conclusion.

### C. Motion for default judgment

Bray is not entitled to a default judgment because the defendants have answered. And, to the extent that Bray is confused and intended to move for summary judgment, the motion should be denied without prejudice because it is premature and, in any event, Bray has not demonstrated an entitlement to it.

### III. ORDER AND RECOMMENDATION

Based on the foregoing, it is **ORDERED** that Bray's motions to compel (Doc Nos. 26 & 28 in part) are **DENIED** without costs to either party and it is **RECOMMENDED** that the motion for preliminary injunctive relief (Doc. No. 26 in part) and for default judgment (Doc. No. 28 in part) be **DISMISSED** without costs to either party.

### NOTICE OF RIGHT TO FILE OBJECTIONS

Pursuant to D.N.D. Civil L.R. 72.1(D)(3), any party may object to the foregoing recommendations within fourteen (14) days after being served with a copy of this Report and Recommendation. Failure to file appropriate objections may result in the recommended action being taken without further notice or opportunity to respond.

Pursuant to D.N.D. Civil L.R. 72.1(D)(2), any party may appeal to the district judge an order

of a magistrate judge with respect to non-dispostive motion by filing an appeal within fourteen (14) days.

    Dated this 2nd day of March, 2010.

                                           */s/ Charles S. Miller, Jr.*
                                           Charles S. Miller, Jr.
                                           United States Magistrate Judge