**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Thomas H. Bray, | ) | |
| | ) | |
| Plaintiff, | ) | **ORDER RE REQUEST** |
| | ) | **FOR RECUSAL** |
| vs. | ) | |
| | ) | |
| Bank of America, MERS, Inc., Country Wide Home Loans, et. al., | ) ) | |
| | ) | Case No. 1:09-cv-075 |
| Defendants. | ) | |

Bray has filed a document that the court will construe as a request that the undersigned recuse himself from the case. One of the reasons given for the request is Bray's claim that the undersigned coerced him into swearing or affirming to tell the truth at the beginning of his deposition in violation of his religious beliefs.

Fed. R. Civ. P. 30(c)(1) requires that a deponent must either swear or affirm to the truthfulness of his or her testimony. This is the same requirement that applies to all witness testimony, whether it be at trial, by affidavit, or by deposition. See, e.g., Fed. R. Civ. P. 43(b); Fed. R. Evid. 603; 28 U.S.C. § 1746. Here, when Bray refused to swear or affirm at his deposition, the undersigned advised Bray of the requirement that he either swear or affirm and the possible consequences that could follow if he did not, which could include the court dismissing his complaint and striking his defenses to the defendants' counterclaim. The court reporter was then instructed to read the standard affirmation to Bray and Bray then affirmed. Instructing Bray that he would be expected to follow the law, the same as anyone else, was not coercion nor was it favoritism.

1

Bray also objects that the undersigned has impeded his ability to obtain assistance from others. Quite the contrary is true, as the undersigned permitted Bray to have one of his friends sit at counsel table with him during the initial scheduling conference even though the friend was not a licensed attorney. Also, Bray was allowed to have a non-attorney sit with him during his deposition provided that the person was not disruptive and did not attempt to practice law.

Bray further complains that the undersigned's rulings have generally exhibited favoritism for the defendants. However, the mere fact that the undersigned has ruled on several issues in favor of the defendants is not by itself evidence of favoritism or bias. Further, Bray forgets the rulings that have gone in his favor, including, for example, the postponement of the initially scheduled date for his deposition (which Bray had agreed to) at the very last moment over the strenuous objection of the defendants to accommodate Bray's business schedule.

Finally, the undersigned has considered Bray's other objections and has concluded they are without merit. Bray's request that the undersigned recuse himself from this case (Doc. No. 95) is **DENIED**. And, to the extent that Bray believes he has already effectuated the undersigned's disqualification and recusal by the document he has filed, he is mistaken.

**IT IS SO ORDERED.**

Dated this 6th day of July, 2010.

/s/ Charles S. Miller, Jr.
Charles S. Miller, Jr.
United States Magistrate Judge