**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NORTH DAKOTA**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| Thomas H. Bray, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Bank of America, MERS, Inc., Country | ) | **ORDER DENYING (1) REQUEST** |
| Wide Home Loans, | ) | **FOR RECONSIDERATION,** |
| | ) | **(2) DEMAND TO COMPEL, AND** |
| Defendants; | ) | **(3) REQUEST TO EXTEND** |
| | ) | **PRETRIAL DEADLINES** |
| MERS, as a nominee of America's Home | ) | |
| Loans, LLC, its successors and assigns, | ) | |
| including Bank of America, and | ) | |
| Countrywide Homes Loans, | ) | Case No.  1:09-cv-075 |
| | ) | |
| Counter Claimants, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| Thomas H. Bray, individually and as | ) | |
| alleged Trustee of Multigrain CPT a/k/a | ) | |
| Multigrains CPT, Michael D. Harris, | ) | |
| Trustee of Bray 10 Family Trust, | ) | |
| Ken Campbell a/k/a Kenneth Campbell, | ) | |
| Sharenda Bray/Wiebe; Devin Bray, | ) | |
| Portfolio Recovery Associates, | ) | |
| | ) | |
| Counter Defendants. | ) | |

_____

Before the court are plaintiff's motion to compel (Doc. No. 116), motion for reconsideration

of order (Docket No. 125), and motion for extension of pretrial deadlines (Doc. No.  128).  Before

turning to the individual motions, some background is helpful to understand the court's rulings.

## I.      **BACKGROUND**

Plaintiff commenced this *pro se* action in state court seeking to bar the defendants from foreclosing on his residence.  Defendants removed the action to this court claiming diversity jurisdiction.  One of the defendants filed an amended counterclaim for foreclosure.

Plaintiff's 59-page complaint makes a number of arguments for why the defendants should not be permitted to foreclose upon his residence.  Some of them appear to be frivolous on their face, such as plaintiff's argument that the parties seeking to foreclose have suffered no damage because of the alleged illegality of the monetary system and worthlessness of  Federal Reserve Notes. Plaintiff alleges other matters, however, that are not clearly frivolous, even though they may be eventually proven to lack merit.  For instance, he contends that the parties threatening to foreclose on his residence are not the proper parties under state law.[1]

At the pretrial conference, the court urged plaintiff to seek the assistance of counsel and advised plaintiff that he would be expected to generally comply with the rules of procedure if he proceeded *pro se*.  Also, because discovery was already an issue, the court directed plaintiff to some of the relevant discovery rules that he needed to follow.  Further, the court was frank with the plaintiff, advising him not to waste his allotted discovery upon matters that likely would have no chance of success.  Finally, the court reinforced the fact that plaintiff  was expected to comply with the discovery rules when it denied plaintiff's earlier requests in an order dated March, 2010, in part because of Bray's failure to comply with the rules.  In relevant part, the court stated:

> The court advised Bray at the scheduling conference that he had to follow the rules for discovery if he wanted to inspect documents and obtain copies. Bray has not

---

[1]  While there may have been an issue regarding whether plaintiff was entitled to make a peremptory strike and obtain declaratory relief, the fact that there is now a counterclaim for foreclosure likely alleviates that concern.

demonstrated that he has properly made any requests for documents following the procedures spelled out in Fed. R. Civ. P. 34 . . . .

(Doc. No. 32).

Since the initial pretrial conference, plaintiff has flooded the court with numerous motions for default and summary judgment, motions to strike, motion to declare certain acts *ultra vires,* motions for a criminal investigation, and the like. Most of the motions have not contained a proper court caption and many of them state that the action is pending "in the common law district court for the united states of america," complete with its own docket number and "evidence file," and refer to plaintiff as the "Libellant" and to the other persons, both parties and non-parties, as "Libellee(s)." Also, at one point, plaintiff stopped accepting mail from the defendants and insisted that both the defendants and the court use an address for him that is styled in a particular matter.

Because of these problems, the court conducted a status conference with the parties that was held on July 8, 2010. Prior to the status conference, the court issued an order extending by forty-five days the deadline for completing discovery for the plaintiff's benefit. (Doc. No. 103).[2]

During the status conference, the court advised the parties that the defendants would not be required to respond to the document that plaintiff filed at Doc. No. 111 because it did not comply with the Federal Rules of Civil Procedure. The court followed this up with a written order filed on July 12, 2010. (Doc. No. 115). The court advised Bray that, if he wanted to make motion to compel discovery, it would have to be in a form that generally complied with the rules of procedure.

---

[2] Thus, plaintiff is incorrect when he claims that only the defendants have been granted extensions of the court's pretrial scheduling deadlines.

3

II.   **DISCUSSION**

    A.    **Request for reconsideration (Docket No. 125)**

On August 3, 2010, plaintiff filed a document that, for purposes of the discussion which follows, will be considered a request for reconsideration of the court's order dated July 12, 2010, stating that the defendants did not need to respond to plaintiff's filing at Doc. No. 111.   Plaintiff argues in this "request" that the court's ruling was wrong and that the court failed to explain why the document filed at Doc. No. 111 was defective.  Plaintiff requests that the document be reinstated and that the defendants be required to respond to it.

The document that plaintiff sent to the defendants and forwarded to the clerk, which was filed at Doc. No. 111 was defective for a number of reasons that were explained to the defendant, including the lack of a proper caption and that, to the extent it sought discovery from the defendants, it did not comply with the federal rules governing discovery.

More particularly, the document filed at Doc. No. 111 contains the following caption:

Thomas Herbert Bray, Libellant,
care of thomas-herbert; bray, Authorized Agent
care of Meriel Kulish,
care of 101 52nd sttreet, south east
Bismarck, North Dakota
united states of america

in the common law district court for the united states of america

in re : Thomas Herbert Bray

international administrative notice

Evidence File
Libellant's claim #10-0601-THB
Alleged case # 1:09-CV-00075

notice of fault-opportunity to cure
notice in the nature of a petition to strike all Libellee(s) documents
notice and mandatory judicial notice

On its face, the document purports to relate to a matter pending elsewhere since this is not the "common law district court for the united states of america," since there are no libellants or libellees or a Libellant's claim #10-0601-THB in this case, and since there is no provision in the rules governing this court for an "international administrative notice." Consequently, since the document filed at Doc. No. 111 from all appearances relates to some other proceeding, there was no obligation on the part of the defendants to respond in *this* case and there is no basis for *this* court now to compel a response. For this reason alone, the court did not error in ordering that the defendants did not have to respond to the document filed at Doc. No. 111.

Further, to the extent that plaintiff claims the document is an operative discovery request in this case, the document does not come close to complying with any of the federal discovery rules. Following the caption, Doc No. 111 contains a number of self-serving declarations and instructions that are not provided for under the federal discovery rules. The declarations and instructions are then followed by a listing of what are referred to as "Admitted Stipulations For the Permanent Record." The following are several examples:

> 15.    The record shows, Libellee(s) all agree and stipulate that all motions, complaints by sham, fraudulent Attorneys, Vogel Law Firm, et al are stricken from the official record of this court, correct?
>
> Since Libellee(s) have failed to respond, Libellee(s) ADMIT the answer is: "YES".

> * * * *
> 29.    The record shows, Libellant is not a citizen/resident of corporation "ND" at sham, fraudulent, military venue "58501" zone improvement plan, correct?
>
> Since Libellee(s) have failed to respond, Libellee(s) ADMIT the answer is: "YES".

5

30.     The record shows, Libellee(s) constitution 11th amendment stripped Libellee(s) United States District court/County Of Burleigh District Court of all judicial authority over the American people in law and equity, correct?

Since Libellee(s) have failed to respond, Libellee(s) ADMIT the answer is:"YES".

Plaintiff's listing of "admitted stipulations" is then followed by more self-serving statements and declarations.  One of which is that the failure to respond within a specified time frame (which is different  from what is imposed by the federal discovery rules) will result in certain consequences, including what amounts to an acknowledgment that "Libellee(s)" have no interest in  plaintiff's property.   Plaintiff appears to contend that this document constituted a discovery request because buried within it paragraphs was some sort of offer to the effect that, if  "Libellee(s)" made a point by point response in good faith as determined by the Libellant, they could avoid the consequence of the "admitted stipulations for the record."

Obviously, Doc. No. 111 does not comport with any of the federal discovery rules, including Fed. R. Civ. P. 33 and 36 governing interrogatories and requests for admissions.  Among other things, it does not set forth a straightforward listing of questions or requests for admissions unadorned by collateral matters not provided for under the rules.  It also purports to impose time deadlines and consequences for non-compliance that are not provided for by the rules; it purports to seek discovery from persons who are not parties in a manner not provided for under the rules;[3] and it purports to leave it up to the Libellant to determine whether or not there has been compliance.

---

[3] The only parties to his case are those set forth in the above caption.  The document at Doc. No. 111 purports to require responses from Libellee(s)" and in the certificate of service identifies a number of persons as "Libellee(s)," who are not parties.  Under Fed. R. Civ. P. 33 & 36, a party can obtain discovery by way of interrogatories and requests for admissions only from other parties.

And, if all of this was not enough, the number of requests in Doc. No. 111 goes beyond the number of interrogatories allowed by the court's pretrial order, and most of purported requests seek information that is irrelevant with a number of them being simply gibberish.

Finally, the document filed at Doc No. 125 that the court has characterized as "plaintiff's request for reconsideration" fairs no better in terms of entitling plaintiff to a response in that it contains the same caption referring to a fictional court and fictional proceeding as the document filed at Doc. No. 111. However, to the extent it can be considered a valid request for reconsideration of the court's prior order at Doc. No. 120, the request (Doc. No. 125) is **DENIED** for the reasons stated above, including, in particular, the failure to comply with the federal discovery rules.

### B.      Demand to compel  (Docket No. 116)

On July 12, 2010, plaintiff filed a document entitled "Demand to Compel," which similarly referenced a fictional court and fictional proceeding in the caption. In the Demand to Compel, plaintiff stated, in part, the following:

> Libellant demands court to compel John Petrik to answer all of the numerous questions not with denials or objections, found in (l) the Original Complaint for Quiet Title; (2) the second set of Interrogatories dated 5-3-10 including page 4 questions 8-16; (3) Notice Complaint, Dispute of Debt & Validation of Debt Letter, FOIA Request, Signature Revocation dated June 18, 2010; and (4) Notice of Fault-Opportunity to Cure, Notice in Nature of a Petition to Strike all libellee's Documents, and Notice and Mandatory Judicial Notice dated July 6, 2010 fully and directly and with honesty.

(Doc. No. 116).

Defendants filed a response to the Demand to Compel, raising the following objections:

- •      Plaintiff seeks responses to more than discovery requests.  He demands that the defendants respond to denials in the pleadings, documents sent to the defendant that are not captioned in the name of this case and refer to persons who are not parties in

7

the litigation, and one document (Doc No. 111) that the court has already ruled did not have to be responded to.

- Many of the discovery requests that plaintiff seeks responses to involve merely legal argument, demanding that the defendants agree with plaintiff's erroneous characterizations of the law.

- Plaintiff seeks responses to interrogatories that go beyond the number set forth in the court's scheduling and discovery order.

- Plaintiff has failed to identify any specific response or answer that he claims is deficient and demands responses to every denial and objection raised by the defendants whether in discover requests or other pleadings.

These objections have merit. Putting aside for the moment that the Demand to Compel is not properly captioned, plaintiff is not entitled to "answers" to the denials set forth by the defendants in their answer, absent separate inquiries about those denials pursuant to Fed. R. Civ. P. 33. Nor are defendants obligated to respond to documents that do not even come close to complying with the discovery rules because of the lack of a proper caption and the intermixing of requests for information along with improper demands and declarations.

With respect to plaintiff's interrogatories that come closer to complying with the rules, the mere fact that the defendants objected to a number of them is alone not grounds for granting relief. Plaintiff has failed to offer substantive reasons for why particular objections were improper, leaving the court to speculate about these matters, which the court will not do. Further, without ruling upon any particular objection, it appears that the defendants made a good faith effort to answer plaintiff's

interrogatories, even though many were not artfully phrased and were probably technically objectionable.

In light of all of these considerations, plaintiff's Demand to Compel (Doc. No. 116) is **DENIED**.

### C.    Request to extend pretrial deadlines (Docket No. 128)

Next, in the document filed at Doc. No. 128, plaintiff seeks to extend certain pretrial on the grounds that they are unreasonable, that his continued prosecution of this action has been a source of great stress, and that he needs additional time for discovery and to secure funds for expert witnesses and other miscellaneous expenses. Plaintiff further proposes that the trial scheduled for February 22, 2011, be postponed until August 2011. As a parting shot, he declares that any failure by the court to grant him an extension shall be construed as further evidence of its bias against him.

The defendants have filed a response opposing the request. They argue that plaintiff has failed to productively use the time already afforded, that he is apt to squander any additional time given, and that he will likely inundate the court with more frivolous filings. The court generally agrees.

Docket No. 128 has also not been properly captioned. It refers to the same "common law district court for the united states america," but, unlike the other previously discussed documents, it identifies plaintiff as the "Libellant" and several individuals as adverse parties (including the defendants' attorney) - none of whom are parties to this case. Consequently, it is objectionable for this reason.

Putting aside the problem of the caption, the time period that the court allotted for discovery in this case was more than sufficient and was extended once for plaintiff's benefit. The fact plaintiff

chose to waste much of his time and effort on frivolous filings, despite admonitions from the court, was his choice.  Based on plaintiff's performance to date, there is a strong likelihood that the parties will find themselves in exactly the same position three months from now if the continuance plaintiff seeks is granted and that an extension will only serve to protract matters, invite yet another blizzard of repetitive motions that do not advance the ball, and needlessly delay final disposition of this matter.

Moreover, since the initiation of this action, plaintiff has obtained substantial discovery.  For example, he was offered the opportunity to inspect the original of the note and mortgage after he demanded production of what he referred to as the "wet ink" copies of these documents.  He obtained substantial information regarding how the note and mortgage were assigned to support his claim that the current parties do not have the power to foreclose the mortgage under state law.  (Doc. No. 120-2).  He also has been provided some breakdown of the amount defendants claim is owed on the mortgage note.  (Doc. No. 44-3).[4]

Finally, plaintiff has not articulated what discovery needs to be completed other than to make reference to a "forensic audit."  However, this is not something new.  Plaintiff attached a demand for a "forensic audit" to his complaint, and he has had more than sufficient time to frame proper discovery to obtain his "forensic audit" information, putting aside questions of its relevancy. ("Auditor's Investigation Questionnaire (a.k.a. Forensic Mortgage Audit)" filed on November 17, 2009, at Doc. No. 1-25).

---

[4]  This is in addition to the information that plaintiff professes he acquired prior to initiating this action.  For example, plaintiff stated in page 2 of his complaint:  "Plaintiff has done much pretrial discovery in an effort to conserve court costs and time spent on court proceeding."  (Doc. No. 1-4).  Also, shortly after the initial scheduling conference, he moved for summary judgment.  (Doc. No. 34).

Plaintiff also mentions the necessity of needing additional time and money to retain an expert witnesses, but, again, has failed to identify what expert testimony he believes is required.  If the perceived need is to address the claimed illegality of the banking system and the worthlessness of Federal Reserve Notes, then plaintiff is not deserving of relief.  If, on the other hand, plaintiff needs assistance from an accountant, for example, because of a concern is that not all of his payments were properly accounted for by the defendants, then this might be a different matter.[5]  If plaintiff makes a proper request, the court might be inclined to grant a short extension in the deadline for disclosing expert testimony, *e.g.*, extending the  deadline for plaintiff being able to disclose expert testimony to October 1, 2010.

For the reasons set forth above, plaintiff's request to extend the pretrial deadlines (Doc. No. 128) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 27th day of August, 2010.

*/s/  Charles S. Miller, Jr.*
Charles S. Miller, Jr.
United States Magistrate Judge

---

[5]  This is not to say that plaintiff needs an expert.  For the most part, the determination of the amount due should simply be a mathematical calculation with possibly the need to refer to external data if the interest rate was variable and the variation was based upon a published index or other similar benchmark.  In briefing, plaintiff can argue his own calculation.  Also, with respect to plaintiff's claim that the defendants are not the proper parties to foreclose the mortgage, the nature of  the defendants' interests, or lack of interests, will likely be a determination of law based upon the documents supporting their claims and not a matter of expert testimony.  Finally, if plaintiff wants an expert to conduct an investigation of the alleged criminal acts of the defendants, the court undoubtedly will not allow the plaintiff to go there.