**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| Thomas H. Bray, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| Bank of America, MERS, Inc., and ) | **ORDER** |
| Countrywide Home Loans, ) | |
| ) | Case No. 1:09-cv-075 |
| Defendants. ) | |
| _____ ) | |
| ) | |
| Countrywide Home Loans; Bank of ) | |
| America; and MERS, Inc., as a nominee ) | |
| of America's Home Loans LLC, its ) | |
| successors and assigns, ) | |
| ) | |
| Counter Claimants, ) | |
| ) | |
| vs. ) | |
| ) | |
| Thomas H. Bray, individually and as ) | |
| alleged Trustee of Multigrain CPT a/k/a ) | |
| Multigrains CPT; Michael D. Harris, ) | |
| Trustee of Bray 10 Family Trust; Ken ) | |
| Campbell, a/k/a Kenneth Campbell; ) | |
| Sharenda Bray Wiebe; Devin Bray; and ) | |
| Portfolio Recovery Associates, ) | |
| ) | |
| Counter Defendants. ) | |

Before the Court is the Defendants' "Motion to Deny Stay of Order and for Amended Judgment" filed on March 9, 2011. See Docket No. 199. The Plaintiff filed a response in opposition to the motion on March 18, 2011. See Docket No. 207. Also before the Court is the Plaintiff's "Motion for Stay of Order Granting Defendant's Motions for Summary Judgment until Eighth Circuit Court has Ruled" filed on March 11, 2011. See Docket No. 202 (errors in original). The Defendants filed a response in opposition to the motion on March 16, 2011. See Docket No. 206.

The Plaintiff filed a reply brief on March 18, 2011.  See Docket No. 208.  For the reasons described below, the Court denies the Plaintiff's motion for a stay and the Defendants' motion to amend the judgment.

I.     **BACKGROUND**

On January 5, 2011, the Court issued an order denying Thomas H. Bray's motions for summary judgment and granting the Defendants' motions for summary judgment.  See Docket No. 187.  On January 6, 2011, the Clerk of Court issued a judgment in accordance with the Court's order.  See Docket No. 188.  The judgment dismisses Bray's motions and grants summary judgment for the Defendants, but does not order the specific relief to which the Defendants are entitled, including monetary damages and the foreclosure and sale of the property in question.

On February 4, 2011, Bray filed a "Notice of Appeal and Stay of Order Granting Defendant's Motions for Summary Judgment Until Eight Circuit Court has Ruled."  See Docket No. 195 (errors in original).  The document states in its entirety:

> Notice is given that Thomas-Herbert; Bray, Plaintiff in the above named case, appeals to the United States Court of Appeals for the Eighth Circuit from the Order by Judge Daniel L. Hovland , Docket No. 187 including all items listed in that docket including Motion for Summary Judgment in favor of Defendants entered on January 5, 2011, and Clerk's Judgment and Docket No. 188 including all items listed and in particular Motion for Summary Judgment in favor of Defendant and dismissal of case dated January 6, 2011,

See Docket No. 195 (errors in original).  On March 9, 2011, the Defendants filed a motion to deny Bray's request for a stay and for an amended judgment.  See Docket No. 199.  The Defendants request that the judgment be amended to specify the monetary damages owed by Bray and to order foreclosure and sale of the property in question.

On March 11, 2011, Bray filed a motion for a stay pending the Eighth Circuit's decision, contending that his notice of appeal should be construed as a motion for a stay. See Docket No. 202. The Defendants argue that if the Court grants a stay, Bray should be ordered to post a supersedeas bond in excess of $240,000.

## II.　LEGAL DISCUSSION

### A.　MOTION FOR AMENDED JUDGMENT

The Defendants filed a motion for an amended judgment on March 9, 2011. The Defendants do not state whether the motion is filed under Rule 59(e) or Rule 60(a) of the Federal Rules of Civil Procedure. Rule 59(e) provides, "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." The judgment was issued on January 6, 2011. See Docket No. 188. The Defendants failed to file the motion to amend the judgment within 28 days after the judgment was filed. Therefore, the Court will interpret the motion as a motion for corrections based on clerical mistakes, oversights, and omissions under Rule 60(a).

Rule 60(a) provides:

> The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. The court may do so on motion or on its own, with or without notice. But after an appeal has been docketed in the appellate court and while it is pending, such a mistake may be corrected only with the appellate court's leave.

The Eighth Circuit Court of Appeals has explained the function and purpose of the rule:

> The plain language of the rule divests the district court of jurisdiction to correct mistakes or omissions in its judgment while an appeal of such judgment is pending before the appellate court, unless leave of the appellate court has been granted. The underlying purpose of this rule, we believe, is to protect the administrative integrity of the appeal, i.e., to ensure that the issues on appeal are not undermined or altered as a result of changes in the district court's judgment, unless such changes are made

3

>   with the appellate court's knowledge and authorization. We note that after the appellate court has ruled on the appeal, the district court still has the power under Rule 60(a) to clarify and correct omissions in its judgment to reflect what the court originally intended, without leave of the appellate court, "so long as the Court's corrections do not alter or amend anything expressly or implicitly ruled on by the [appellate court]." United States v. Mansion House Ctr. Redevel. Co., 118 F.R.D. 487, 490 (E.D.Mo. 1987), aff'd, 855 F.2d 524, 527 (8th Cir.), cert. denied, 488 U.S. 993 (1988).

In re Modern Textile, 900 F.2d 1184, 1193 (8th Cir. 1990). The Eighth Circuit has not granted leave to the Court to amend the judgment. Accordingly, the Defendants' motion for an amended judgment is denied. The Court will entertain such a motion after the Eighth Circuit has granted leave or ruled on the appeal.

### B.  MOTION FOR STAY

Rule 8(a) of the Federal Rules of Appellate Procedure requires that a motion for a stay of a judgment or approval of a supersedeas bond must first be filed in the district court. Fed. R. App. P. 8(a)(1)(A) and (B). Rule 62(d) of the Federal Rules of Civil Procedure provides, "If an appeal is taken, the appellant may obtain a stay by supersedeas bond . . . The bond may be given upon or after filing the notice of appeal or after obtaining the order allowing the appeal. The stay takes effect when the court approves the bond."

The United States Supreme Court has explained that the following factors should be considered by a district court when determining whether to grant a stay of a judgment pending appeal:

>   (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies.

Hilton v. Braunskill, 481 U.S. 770, 776 (1987).

The Court finds that Bray has not made a strong showing that he is likely to succeed on the merits. The Court has determined that Bray's arguments are largely devoid of merit. The Court further finds that Bray will not be irreparably injured absent a stay, nor will the Defendants be substantially injured if the Court were to grant a stay. While the Court granted summary judgment in favor of the Defendants, the Court has not yet ordered the foreclosure and sale of the property. The public interest weighs neither in favor of nor against granting a stay. After considering all the factors outlined by the Supreme Court in Hilton, Bray's motion for a stay is denied and the Defendants' motion to deny a stay is granted.

### IV.   CONCLUSION

The Court has carefully reviewed the parties' motions, relevant case law, and the entire record. For the reasons described above, the Defendants' "Motion to Deny Stay of Order and for Amended Judgment" (Docket No. 199) is **GRANTED IN PART AND DENIED IN PART**. Bray's "Motion for Stay of Order Granting Defendant's Motions for Summary Judgment until Eighth Circuit Court has Ruled" (Docket No. 202) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 4th day of April, 2011

*/s/ Daniel L. Hovland*
Daniel L. Hovland, District Judge
United States District Court